■ In the Matter of the Claim of GEORGE TRINGETTAS, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per Curiam.* Appeal from a decision of the Unemployment Insurance Appeal Board which (1) disqualified claimant from benefits on the ground that he voluntarily left his employment without good cause, (2) charged him with an overpayment of benefits held to be recoverable and (3) imposed a penalty upon finding that he willfully made a false statement to obtain benefits. At the end of his work day, claimant, a waiter, was asked by his supervisor to "start another party" until another waiter should come out of the kitchen, so that the "party [would] know that they have a waiter". There is no disagreement as to this and no dispute as to the supervisor's testimony that claimant then "got a little excited ⁕ ⁕ ⁕ told me he don't want to come in any more, he was quitting." Concededly, too, claimant was untruthful, and willfully so, in certifying "layoff, no work" as the cause of his unemployment. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision *per curiam.*

■ In the Matter of the Claim of JOHN F. DURKEE, Respondent, v. ATLANTIC REFINING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board which affirmed an award to the claimant. The facts as set forth in the board memorandum of decision are not disputed by the appellants. It appears that the claimant checked his employer's service stations in the Syracuse area. The claimant had no fixed hours of employment and he was paid mileage by the employer from the time he left home until he returned thereto. On September 19, 1963 the claimant started for work at 7:00 A.M. and during the day checked service stations until about 5:00 P.M. He then went to a tavern with a friend and had a few drinks. The claimant left the tavern and went to check a service station where he remained until about 8:45 P.M. at which time he left Syracuse and started for his home in Cortland, intending to check another service station at Tully on his way. While driving on Route 81 he became sleepy and pulled his automobile off the road and went to sleep. He apparently slept for some time and when he awoke again started for home. He thereafter fell asleep while driving. The accident occurred at about 3:55 A.M. on September 20, 1963. The appellants do not contest the board's finding that claimant was an outside worker. The appellants contend that the claimant's deviation from his employment was such as to remove him from his employment. The majority of the board found that "the claimant was on the route home and sustained accidental injury arising out of and in the course of employment." The determination was factual and within the sole province of the board. (See *Matter of Mansfield* v. *General Adjustment Bureau,* 27 A D 2d 783; *Matter of Naples* v. *Viandvende Corp.,* 27 A D 2d 772.) Decision affirmed, with one bill of costs to respondents. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision by Herlihy, J.